```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,         )
                                  )   NO.  CV-04-3063-LRS
            Plaintiff,            )
                                  )   ORDER GRANTING PLAINTIFF'S
     -vs-                         )   SUMMARY JUDGMENT MOTION
                                  )
2000 TOYOTA CELICA, VIN:          )
JTDDR32T3Y0061208, WASHINGTON     )
LICENSE NUMBER 314 RHE,           )
                                  )
            Defendant.            )
                                  )
```

This case arises out of a civil forfeiture action under 21 U.S.C. §881 brought by the United States against Defendant vehicle, a 2000 Toyota Celica, VIN # JTDDR32T3Y0061208, Washington License Number 314 RHE ("the Toyota"), for its alleged use in facilitating the transportation and sale of 3, 4-Methylenedioxymethamphetamine, commonly referred to as Ecstasy, XTC, or X.  The matter before the Court is Plaintiff United States' Motion For Summary Judgment (Ct. Rec. 26), filed April 25, 2005, pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Claimant Ya Juan Wong ("Wong" or "Claimant") filed an opposition to the Government's summary judgment motion (Ct. Rec. 31) on June 3, 2005.  In this opposition, Claimant asserts that as an "innocent owner," she is entitled to recover the Toyota.  The Motion has been fully briefed by the parties.
///

No oral argument was requested, therefore, the Motion for Summary Judgment is ripe for disposition.

## BACKGROUND

In September, 2001, the United States Drug Enforcement Administration (DEA) received information that Wen Rong Chen, a/k/a Allen ("Chen") was selling Ecstasy to Yakima, Washington area high school students by utilizing a network of juveniles and young adults. The investigation revealed that Chen had purportedly distributed approximately 80 grams of Ecstasy during the summer of 2001 and beyond. Complaint, ¶5.

During the investigation, DEA agents observed that Chen was the predominant driver of the Toyota. Id. On April 17, 2002, DEA interviewed Chen at the DEA Yakima Resident Office. Ct. Rec. 28, ¶3. After apparently being orally advised of his Miranda rights, Chen admitted to distributing Ecstasy in Yakima, Washington. Id. Chen further admitted to distributing Ecstasy to Tyson Bruegeman during the Summer of 2001. Id.

Vehicle records from a certified title history obtained by the DEA in May, 2004 for the Toyota, included a State of Washington Vehicle Certificate of Ownership, signed by Wen Rong Chen (Chen) and dated October 26, 2002. *Id*. at ¶7. This document is also signed by Shu Chai Guo and Shu Chai Chen, which signatures are undated. An undated odometer disclosure statement is signed by Chen and Cai Ping Chen. Vehicle records indicate that the vehicle was then registered to Chen's brother Yun Chen ("Yun Chen"), on November 14, 2002. Id. at ¶7.

On October 21, 2003, a pretrial hearing was held in *United States v. Wen Rong Chen*, No. CR-02-2209-RHW. On October 23, 2003, the Honorable Robert Whaley ruled that the statements elicited from Chen at the DEA

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 2

interview on April 17, 2002 were in violation of Chen's constitutional rights and suppressed those statements. Ct. Rec. 30, Exh. A.

In November, 2003, Tyson Bruegeman testified in Chen's criminal trial that Chen distributed Ecstasy to him while they were sitting in the Toyota in late 2001 or early 2002. Ct. Rec. 28, ¶4. On November 14, 2003, DEA seized the Toyota for violations of the Controlled Substances Act, 21 U.S.C. §801, et. seq. Complaint, ¶1.

The registration for the Toyota was transferred from Yun Chen to Claimant as a "marry gift" on November 6, 2003, according to vehicle records from the certified title history for the Toyota. Ct. Rec. 28, ¶7.

On November 20, 2003, at the close of trial, Chen was found guilty of violations of 21 U.S.C. §846, Conspiracy to Distribute 3,4-Methylenedioxymethamphetamine; 21 U.S.C. §841(a)(1) and §861(a)(1), Employment of a Minor to Violate Drug Law; 21 U.S.C. §§841(a)(1) and 859, Distribution of Controlled Substances to Person Under Twenty-One; and 21 U.S.C. §841(a)(1) and 860, Distribution In or Near Schools. Ct. Rec. 28, ¶6.

On January 14, 2005, Clerk's Orders of Default were entered in the instant case forfeiting any interest Yun Chen and Wen Rong Chen (Chen) may have had in the Toyota to the United States. Ct. Recs. 22, 23.

**DISCUSSION**

**A. UNITED STATES' POSITION**

The government asserts that Claimant's failure to establish a valid ownership interest in the Toyota prior to the illegal conduct results in forfeiture of the vehicle to the United States.

///

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 3

The government first argues that the Toyota is properly subject to forfeiture because the vehicle was used to transport and/or facilitate the transportation, sale, possession or concealment of controlled substances in violation of 21 U.S.C. §881(a)(4). A summary of the evidence the government relies upon to show that the property at issue in this case is subject to forfeiture is as follows:

- During the summer of 2001 and beyond, Chen distributed approximately 80 grams of Ecstasy.
- Chen, while under advisement of rights, admitted to DEA agents that he had distributed Ecstasy in Yakima, Washington, and in particular to Tyson Bruegeman.
- Tyson Bruegeman testified under oath that Chen distributed Ecstasy to him while sitting in the Toyota.
- During its investigation, DEA observed that Chen was the predominant operator of the Toyota.
- Chen admitted that he sold Ecstasy in many places, including the Albertson's Grocery parking lot, at the intersection of 40th Avenue and Tieton Drive, and in the parking lot of his place of employment at the time, the China Buffet Restaurant. See DEA Report.
- Claimant offers no witnesses or otherwise proper evidence to refute the testimony of Bruegeman.

The government next argues that Claimant, Chen's wife, cannot prove that she had an ownership interest and exercised dominion and control in the Toyota <u>prior</u> to the controlled substance violations. The government asserts that Claimant cannot maintain the affirmative defense of "innocent owner" under the facts of this case. Claimant's interest, if any, accrued after the illegal act making the vehicle forfeitable. Finally, the government states that Claimant cannot show that she is a "bona fide purchaser for value" under 18 U.S.C. §983(d) to qualify as an owner with a property interest acquired after the conduct, giving rise to the forfeiture, has taken place.

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 4

**B.   CLAIMANT'S ARGUMENT IN OPPOSITION**

Claimant states that granting summary judgment is inappropriate where the government has failed to establish a lack of genuine issues of material fact. Relying on *U.S. v. $405,089.23 U.S. Currency*, 122 F.3d 1285 (9th Cir. 1997), Claimant argues that the government cannot rely on Chen's conviction to establish by a preponderance of evidence that the property is subject to forfeiture. Further, Claimant contends that the DEA report cannot help the government prove its case because the statements made by Chen to the DEA agent, and suppressed in Chen's criminal case, are tainted and unusable here.

Claimant asserts an exemption from forfeiture of the property because it was titled in the name of others.

Claimant's final and most vigorous argument appears to be that there is no credible direct evidence of the use of the vehicle to facilitate a drug transaction. Specifically, Claimant argues that Tyson Bruegeman's testimony that Chen distributed Ecstasy to him in the Toyota is simply not credible. Claimant points to uncertainty in Bruegeman's testimony as to the relevant time period when he received the Ecstasy from Chen in the Toyota.

**C. STANDARDS OF LAW**

**1.   Summary Judgment**

The government has moved for summary judgment. A motion for summary judgment under Fed.R.Civ.P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 5

prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

A fact is "material" if its resolution affects the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Materiality" is determined by the substantive law claim. *U.S. v. Gaudin*, 28 F.3d 943 (9th Cir.1994). An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Irrelevant or unnecessary factual disputes do not create genuine issues of material fact. *Id*. at 247-48. When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Thus a factual dispute that "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment that is properly supported. *See, e.g.*, *California Architectural Build. Prods., Inc. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other

factual material showing "evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252, 106 S.Ct. 2505. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Additionally, the non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties. *Anderson*, 477 U.S. at 247-48.

These standards are applicable when deciding a summary judgment motion in a forfeiture action. *U.S. v. U.S. Currency $83,310.78,* 851 F.2d 1231 (9th Cir. 1988).

**2. Civil Forfeiture Actions**

a. Civil Asset Forfeiture Reform Act and Burden of Proof

On April 25, 2000, Congress passed the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub.L. No. 106-185, 114 Stat. 202, to address concerns associated with federal civil forfeitures. Since the Government commenced this action after August 23, 2000, the date on which CAFRA became effective, CAFRA applies to this case. CAFRA overhauled the procedures for civil judicial forfeiture proceedings. Significantly, the Government now has the burden of proving by a preponderance of the evidence that the property is subject to forfeiture. See 18 U.S.C. § 983(c)(1). Once the Government makes this showing, the burden shifts to the claimant. The claimant may choose to assert the "innocent owner defense."[1] See 18 U.S.C. § 983(d)(1). "Innocent ownership" remains an

---

[1]The innocent owner defense was previously codified in 21 U.S.C. § 881(a)(4) (1994).

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 7

affirmative defense, as it was under all previously enacted forfeiture statutes, notwithstanding the fact that CAFRA now shifts the initial burden to the Government in its case-in-chief.

The relevant statute setting forth the burden of proof, 18 U.S.C. § 983(c), provides the following:

> Burden of proof.--In a suit or action brought under any civil forfeiture statute for the civil forfeiture of any property--
> (1) the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture;
> (2) the Government may use evidence gathered after the filing of a complaint for forfeiture to establish, by a preponderance of the evidence, that property is subject to forfeiture; and
> (3) if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense.

18 U.S.C. § 983(c).

The government must still establish a substantial connection between the property and the offense; however, it must now do so by a preponderance of the evidence, not merely by "probable cause." "The burden of showing something by a 'preponderance of the evidence,' the most common standard in the civil law, 'simply requires the trier of fact "to believe that the existence of a fact is more probable than its nonexistence before [he or she] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence."'" *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California*, 508 U.S. 602, 622, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993) (quoting *In re Winship*, 397 U.S. 358, 371-72, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring)). For the

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 8

Government to prevail on its motion for summary judgment, it must persuade the Court that the undisputed facts, while drawing all reasonable inferences in favor of the Claimant, establish a substantial connection by a preponderance of the evidence between the Toyota and Chen's drug trafficking crimes and that no defenses can be proven.

        b.   Innocent Owner Affirmative Defense

In a civil forfeiture case, the government must first establish by a preponderance of the evidence that a nexus existed between the property and specified illegal activity sufficient to justify forfeiture. This shifts the burden to the claimant, who must refute the government's prima facie case either (1) by demonstrating that the property was not in fact used for the specified illegal activity or (2) by proving that she (the claimant) did not know about or consent to the illicit activity. *See, e.g., U.S. v. 3814 NW Thurman Street, Portland, Or., A Tract of Real Property,* 164 F.3d 1191 (9th Cir.1999). The second of these avenues is commonly called the "innocent owner" defense, and it must be established by a preponderance of the evidence. *See United States v. 15 Bosworth St.*, 236 F.3d 50, 53 (1st Cir. 1998).

The uniform innocent owner provision of CAFRA, 18 U.S.C. §983(d) distinguishes between owners whose property interest was in existence at the time of the illegal conduct giving rise to the forfeiture occurred and, and owners who show interest was acquired after the conduct giving rise to the forfeiture occurred. Any subsequent owner must be a bona fide purchaser for value under 21 U.S.C. § 853(c) to defeat an otherwise proper forfeiture of property. This statute provides:

///

> § 853. Criminal forfeitures
> (c) Third party transfers
> All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any such property that is subsequently transferred to a person other than the defendant may be the subject of a special verdict of forfeiture and thereafter shall be ordered forfeited to the United States, unless the transferee establishes in a hearing pursuant to subsection (n) of this section that he is **a bona fide purchaser for value of such property** who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture under this section. (Emphasis added).

    c.  Dominion and Control

Under CAFRA, a "nominee" owner who exercises no dominion or control over the property does not have standing to assert the "innocent owner" defense. See 18 U.S.C. § 983(d)(6). Pre-CAFRA law is helpful in determining whether Claimant is a nominal owner of the Toyota. *See U.S. v. One 1973 Rolls Royce, V.I.N. SRH-16266,* 43 F.3d 794, 806, n. 8 (3rd Cir. 1994) (citations omitted) (holding that nominal or straw owners lack standing to contest forfeiture); *U.S. v. One 1990 Chevrolet Corvette, VIN No. 1G1YY3384L5104361*, 37 F.3d 421, 422 (8th Cir.1994) (citations omitted) (denying claimant standing where she did not have the finances to pay for the car and was unfamiliar with the car's features and controls); *United States v. One 1981 Datsun 280ZX*, 563 F.Supp. 470, 475 (E.D.Pa.1983) (denying claimant standing even though car was titled in claimant's name since the claimant's son paid for the car, drove the car more frequently than did the claimant, and was more likely "to suffer from the Datsun's forfeiture"); *United States v. One 1971 Porsche Coupe Auto., VIN 9111100355*, 364 F.Supp. 745, 748 (E.D.Pa.1973) (holding that claimant was merely nominal owner since he made gift of car to his son

///

who had sole possession of the car and exercised dominion and control over it).

Thus, a titled owner that exercises no dominion or control over the vehicle is only a straw owner and any straw ownership interest is forfeited. See 18 U.S.C. § 983(d)(6)(B)(III) (owner does not include "a nominee who exercises no dominion or control over the property.").

### d. Drug-Related Forfeitures

In drug-related forfeitures, the "guilt" issue to be determined is whether the seized property is connected with illicit drug activity. The owner-claimant is neither defendant nor plaintiff, but an intervenor who seeks to defend his or her right to the property against the government's claim. Indeed, the guilt or innocence of the owner-claimant is largely irrelevant. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 683, 94 S.Ct. 2080, 2092, 40 L.Ed.2d 452 (1974). The owner-claimant thus stands in an essentially civil litigation position in the civil forfeiture proceeding. *See United States v. Santoro*, 866 F.2d 1538, 1543-44 (4th Cir.1989) (forfeiture statute 21 U.S.C. § 881 is a civil, not a criminal, provision).

## D. ANALYSIS

### 1. Innocent Owner Affirmative Defense

The Government concludes, and the Court agrees, that Claimant was not an owner, innocent owner, or even a nominal owner of the Toyota, during the relevant time period of the summer of 2001 and at least through April 17, 2002 when Chen was interviewed by the DEA. It appears that Claimant

///

///

///

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 11

may have acquired an ownership interest, but not until November 2003[2], when Chen's brother, Yun Chen, gifted the Toyota to Claimant as a wedding gift. It is undisputed that, even if Chen was not the legal owner[3], Chen exercised "dominion and control" during the relevant time period of drug-related conduct when Chen distributed Ecstasy to Bruegeman while located in or using the Toyota to complete a drug transaction. See Defendant's Statement of Facts in Dispute, Exh. B, at 8[4]. Although Claimant argues that a dispute exists as to the relevant time period based on Bruegeman's testimony, he did testify in November 2003[5] that the events happened two years prior, which puts the events well before Claimant's interest arose in the Toyota. Claimant, therefore, cannot successfully assert the innocent owner affirmative defense under this set of undisputed material facts.

    2.     Government Has Established Substantial Connection Between Toyota and Drug-Related Conduct By A Preponderance of Evidence

---

[2] Claimant's attorney sent a letter to the plaintiff that states that Claimant claims her interest in the Toyota began on May 12, 2002, but no later than November 6, 2003. Claimant, however, produces no evidence showing that her interest began prior to November 6, 2003, when Chen's brother gave the Toyota to her for a wedding gift.

[3] There is undisputed evidence of a Certificate of Ownership, signed by Chen and dated October 26, 2002.

[4] Excerpt from Bruegeman's testimony at Chen's jury trial:

Q: Whose vehicle were you driving around in?

A: Allen's [Chen's] silver Celica.

[5] Ct. Rec. 28, Exh. B, Bruegeman Testimony at 6, lines 21-22.

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 12

The Government has met its burden under CAFRA by establishing, by a preponderance of evidence, a substantial connection between the Toyota and drug-related activity. The Court does not find persuasive Claimant's argument relating to the Government's improper use of the DEA report and Chen's suppressed statements for purposes of this forfeiture action. The Court, however, need not consider this argument. Even without the DEA report or Chen's statements, the sworn testimony of Bruegeman together with Chen's conviction provides evidence that illicit drug activity occurred in conjunction with the Toyota and the jury believed Bruegeman's testimony.

The Claimant asserts that the credibility of Bruegeman raises factual issues which preclude summary judgment. The Government suggests that it is improper for the Court to make pure credibility decisions at a hearing on summary judgment. The Claimant does not contest that Mr. Bruegeman was under oath when giving testimony. An opponent to a motion for summary judgment cannot prevail merely by discrediting the credibility of the movant's evidence. Rather, he must produce some affirmative evidence on point. The nonmoving party is required by Fed.R.Civ.Proc. 56(e)[6] to go

---

[6] In relevant part, Rule 56(e) states: When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 13

beyond the pleadings by way of affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When Rule 56(e) shifts the burden of proof to the non-moving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. *Matsushita*, 475 U.S. at 587; Fed. R. Civ. P. 56(e).

Bruegeman's testimony is uncontradicted by Claimant, who has presented no witnesses, affidavits, depositions, or other factual material. Although Claimant attempts to discredit Bruegeman's testimony by suggesting that he lied on the stand at Chen's trial (Ct. Rec. 31 at 4), the Court is unable to surmise with certainty what Mr. Bruegeman meant by his statements that he's "been staying out of trouble" and he's on a clean slate." The Court is unable to declare these statements, under oath, untruths. The Court finds Claimant's challenge to the credibility of the government witness Bruegeman insufficient to raise factual issues precluding summary judgment in this civil forfeiture proceeding. Fed.R. Civ.Proc. Rule 56(c), 28 U.S.C.A.

The Court finds that the Government has met its burden of establishing, by a preponderance of the evidence, that the Toyota is subject to forfeiture pursuant to 18 U.S.C. § 983(c). The Court further finds that the Claimant does not have standing to assert the "innocent owner" defense under the undisputed material facts presented in this case. No evidence was introduced by Claimant to refute the Government's showing that Chen exercised the requisite dominion and control over the Toyota during the relevant time frame and the substantial connection by

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 14

a preponderance of the evidence between the Toyota and Chen's drug trafficking crimes.

The Court having reviewed the documents in the file, now enters the following order:

**IT IS ORDERED**:

1. The United States' Motion For Summary Judgment, Ct. Rec. 26, filed April 25, 2005, is **GRANTED**.

2. The claim of Ya Juan Wong is hereby dismissed with prejudice.

3. The Office of the District Court Clerk shall enter judgement in favor of the United States in accord with the Complaint filed in this proceeding and **close the file**.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 23rd day of June, 2005.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 15